UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

JOSEFINA RODRIGUEZ,

                                        Plaintiff

—Against—

NEW YORK CITY DEPARTMENT OF EDUCATION,
LAUREN KEARLY, individually; and CATHIE
CONDON, individually.

                                        Defendants.

------------------------------------------------------------------- x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 4/20/2023 |

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

No. 21-CV-3561 (MKV) (SN)

**WHEREAS**, Plaintiff has sought certain documents and information from Defendants, the New York City Department of Education ("DOE"), Lauren Kearly, and Cathie Condon (collectively, "Defendants") in discovery in this action, which Defendants deem to be confidential; and Defendants have sought certain documents and information from Plaintiff in discovery in this action, which Plaintiff deems to be confidential; and

**WHEREAS**, Defendants object to the production of those documents and information requested by Plaintiff unless appropriate protection for their confidentiality is assured; and Plaintiff objects to the production of those documents and information requested by Defendants unless appropriate protection for his confidentiality is assured; and

**NOW, THEREFORE, IT IS HEREBY AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

Confidential Information In General

1.     As used herein, "Confidential Information," means any information of any type, kind or character which is designated "Confidential" by any party ("designating party"), whether it be a document, information contained in a document, information revealed during a deposition,

information revealed in an interrogatory answer, information revealed during a court proceeding or otherwise.  In designating information as "Confidential," a party will make such designation only as to that information that the party in good faith believes contains confidential information.

Use of Confidential Information In General

2.   Neither the parties, nor their attorneys or anyone else receiving such Confidential Information as provided herein shall use the Confidential Information for any purpose other than for the preparation or presentation of their case in this action.

3.   Neither a party nor counsel in receipt of Confidential Information shall disclose Confidential Information to any person except under the following conditions:

a.   Disclosure before trial may be made only to (i) the receiving counsel's staff, (ii) an expert who has been retained or specially employed by counsel in anticipation of litigation or preparation of this action (including consulting experts), (iii) a third party witness who authored or was a designated recipient of a document containing confidential information, or a witness not under the disclosing party's control at deposition (as provided for below), (iv)  the Court (as provided for below) or (v) at the trial (or another hearing) of this action (as provided for below), wherein for all cases the disclosure of such information is deemed necessary to the investigation of the matters relevant to this action, presentation of such testimony, or the legal issues pertinent to this action;

b.   Disclosure to an individual not listed in subparagraph 3(a) above may be made only upon granting of an application to the Court, and for good cause shown. In the event a conflict arises between the parties as to whether a party may show Confidential Information to an individual not listed in subparagraph (a) above, the receiving

party agrees not to do so until such time as the parties can obtain a ruling from the Court in this regard; and

c.  Before any disclosure is made to a person listed in subparagraph 3(a) above (other than to the Court), counsel in receipt of Confidential Information shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the preparation, presentation or defense of this case and not to further disclose the Confidential Information except in testimony given in this case. The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. The signed consent shall be retained by the applicable attorney and a copy shall be furnished to opposing counsel upon request. Any consent forms signed by consulting experts may be redacted upon disclosure to the designating party's attorneys.

4.      Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate. All copies or reproductions of Confidential Information shall be kept under the control of the persons described in paragraph three (3).

Designation of Confidential Information In General

5.      Material  shall be designated as "Confidential" by placing or affixing on such material a "CONFIDENTIAL" notice, or, in the case of materials to be produced for inspection, or testimony, otherwise identifying them as "Confidential Information."

6.      Any such notice which is inadvertently omitted during document production or inspection may be corrected by written notification to the other parties' counsel and any other person who received such documents or materials. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

7.      Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript.

8.      Deposition exhibits and exhibits to Court filings which are deemed "Confidential Information" shall be so designated by stamping the exhibit accordingly.

9.      Any transcript or exhibit designated as "Confidential" shall be separately bound and the "CONFIDENTIAL" designation shall be marked conspicuously on the cover.

10.      If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. To the extent required to be consistent with the provisions of this Stipulation and Protective Order, persons not entitled to have access to Confidential Information may be excluded from any proceeding where it is being discussed.

<u>Disputes</u>

11.     If anyone objects to discovery materials being considered Confidential Information, the objecting Party shall state the objection by letter to counsel.  If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged information does not qualify as Confidential Information.  Until the Court rules on the objection, the disputed information shall be treated as Confidential Information.

<u>Depositions</u>

12.     Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the Parties, the Court reporter, the deponent, counsel for the deponent, counsel for the Parties and any representative of the Parties who are bound by the terms of this Stipulation and Confidentiality Agreement and such other persons identified herein.  If any Confidential Information is to be used during the deposition of a non-Party witness, the deponent shall be given a copy of the Consent Form prior to the deposition, advised that he or she is bound by the terms thereof, and requested to sign the Consent Form.  In the event the deponent elects not to execute the Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but shall require the deponent to come to the court reporter's office to review the transcript.  The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter is prohibited from providing a copy to the deponent of any Confidential Information contained in exhibits to the deposition.

13.     Deposition testimony concerning any Confidential Information which reveals the contents of such information shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Information within the meaning of this Stipulation and Protective Order.

14.     Transcripts of depositions shall be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties an opportunity to designate information contained in that transcript as Confidential Information.

<u>Filings with the Court</u>

15.     In filing any paper that incorporates any Confidential Information or reveals the contents thereof ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of the Court, and the Parties shall serve the Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

<u>Court Proceedings</u>

16.     Subject to the applicable rules of evidence, Confidential Information may be disclosed at trial or at a hearing in open court. Where the Confidential Information to be disclosed was not listed on the trial exhibit list, the party disclosing the Confidential Information must provide twenty four (24) hours' advance notice (or, if that is not possible, as much advance notice as is practicable in the circumstances) to the designating party. Nothing in this Order shall operate as an admission by any party that any particular discovery information is or is not admissible in evidence at the trial of this action.

Termination of this Case

17.     The confidential nature of all information subject to this Stipulation and Protective Order shall continue, and this Stipulation and Protective Order shall remain in full force and effect, after the termination of this case (including any related appeals).  Within 60 days of the termination of this case, the parties and persons in receipt of Confidential Information  shall return all Confidential Information they had received (including all copies, notes, and other materials containing or referring to information derived therefrom) to counsel for the designating party or destroy those materials and provide written verification of the destruction to designating party.

Subpoena or Compulsory Process

18.     If a party or counsel has obtained Confidential Information under the terms of this Stipulation and Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, the subpoenaed party shall promptly notify the other parties, including the designating party.  The subpoenaed party or counsel shall not produce any Confidential Information in response to the subpoena without the prior written consent of the designating party unless in response to an order of a court of competent jurisdiction.  The subpoenaed party or counsel will not object to the designating party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the designating party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

Enforcement-Jurisdiction-Breach

19.     If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under this Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure

- 8 -

inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further unauthorized disclosure of the Confidential Information.

20.     Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

21.     For the purposes of this Stipulation only, the Parties and parties in receipt of Confidential Information agree to be subject to the jurisdiction of the Court (including, but not limited to, any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order.  Notwithstanding the foregoing, in the event of a breach of this Stipulation and Confidentiality Agreement, the Parties shall be entitled to obtain injunctive relief from any court having jurisdiction to enforce the provisions hereof.  This Stipulation and Confidentiality Agreement shall be interpreted in accordance with the laws of the State of New York.

22.     Any person found to have made an impermissible use of Confidential Information will be subject, without limitation, to civil and criminal penalties for contempt of court.

Miscellaneous

23.     Nothing in this Stipulation and Protective Order shall be construed to limit the use of the Confidential Information in any manner by the party who so-designated it.

24.     Counsel for the designating party or person may agree in writing to any specific disclosure of Confidential Information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Agreement as to the use of that document or thing.

25.     This Stipulation and Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.

26.     No disclosure of Confidential Information (or any information contained therein or derived therefrom), whether intentional or inadvertent, shall be deemed to waive any of the rights provided herein or at law, including claims and assertions of privilege and/or relevancy, except as provided above.  Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes.

27.     This Stipulation and Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

Dated:         New York, New York
               March 23, 2023

**GEORGE T. PETERS, ESQ.**
Law Offices of George T. Peters, PLLC
1825 Park Avenue, Suite 1102
New York, New York 10035
g.peters@myattys1.com
(929) 374-1200

By: _____
        George T. Peters
        Attorney for Plaintiff

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-171
New York, New York 10007
Tel:  (212) 356-5031

By: _____
        Rachel M. DiBenedetto
        Assistant Corporation Counsel

**SO ORDERED:**

4/20/2023

_____
        Date

_____
        U.S.D.J.

-9-

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOSEFINA RODRIGUEZ,

                                                    Plaintiff

—Against—

NEW YORK CITY DEPARTMENT OF EDUCATION,
LAUREN KEARLY, individually; and CATHIE
CONDON, individually.

                                     Defendants.

**STIPULATION AND
PROTECTIVE ORDER
REGARDING
CONFIDENTIAL
INFORMATION**

No. 21-CV-3561 (MKV) (SN)

------------------------------------------------------------------------ x

       The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the Southern District of New York in the action entitled <u>Josefina Rodriguez v. New York City Dep't of Educ.</u>, No. 21-cv-3561 (MKV) (SN), and understands the terms thereof. The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Information except in testimony taken in this case. The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate.

_4/14/2023_
Date

_[signature]_
Signature

_Josefina Rodriguez_
Print Name

_Private Employee_
Occupation